

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2003

# Lockhart v. Matthew

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2914

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lockhart v. Matthew" (2003). *2003 Decisions.* Paper 33.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/33

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2914

_____

ALSON LOCKHART, SR.,

Appellant,

v.

MAVIS L. MATTHEW, M.D.; HERBERT SANDERS, M.D.;
GOVERNMENT OF THE VIRGIN ISLANDS


_____


ON APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS

(D.C. Civil No. 00-cv-00129)
District Judge:  The Honorable Stanley S. Brotman


_____


Submitted Under Third Circuit LAR 34.1(a)
December 8, 2003


BEFORE: NYGAARD, BECKER, and STAPLETON, Circuit Judges.

(Filed: December 23, 2003)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Pro Se Appellant Alson Lockhart, Sr. brought suit against Appellees Mavis L. Matthew, Herbert Sanders, and the Government of the Virgin Islands (collectively "the Government") when his application for renewal of his emergency medical technician ("EMT") license was denied. The District Court held a bench trial and entered a judgment in favor of the Government. Lockhart appeals and we will affirm.

**I.**

Because the facts are known to the parties, we review them only briefly. In the Virgin Islands, EMTs are licensed by the territorial government. EMT licenses are valid only for two years and must be renewed for each period thereafter. To obtain an EMT license, an applicant must: (1) nationally register; (2) complete a four-year high school course of study or the equivalent; (3) be able to lift and carry 100 pounds (the "lift and carry requirement"); (4) have a valid Virgin Islands driver's license; (5) successfully complete the Emergency Defensive and Evasive Driving course; and (6) verify good character and good physical and mental health. V.I. Exec. Order No. 233-1979, § 2(a)(1)-(6) (Filed June 25, 1979). The requirement at issue in this case is Lockhart's ability to lift and carry 100 pounds. The Government does not require applicants to undergo a physical

2

test, but relies on the applicant's designation in a "yes" or "no" box as to whether he can meet the lift and carry requirement.

Lockhart was first licensed as an EMT in 1980 and renewed his license every two years thereafter. In 1992, Lockhart suffered a back injury and was off the job for four months. He reinjured his back in 1998, went on disability for two months, and upon returning to duty served a temporary assignment as a dispatcher because he was unable to meet the physical demands of an EMT. From 1999 to 2000, Lockhart acted as a "third-party" on EMT dispatches, meaning he was an extra person not relied upon to do lifting and carrying.

When Lockhart sought renewal of his EMT license in March 2000, he filled out the application form and on the lift and carry question checked that "yes," he could meet the requirement, but noted a cross-reference to disability information from his doctor. The doctor's note that was appended to Lockhart's application recommended "light duty" and indicated that Lockhart should do no lifting over ninety pounds.

Based on the contradictory information in Lockhart's application—Lockhart said he could meet the lift and carry requirement but his doctor indicated Lockhart could lift only ninety pounds, less than the 100-pound threshold—the Government could not rely solely on Lockhart's checking the "yes" box. The Director of Emergency Services consulted Lockhart's personnel file and discovered that Lockhart had been limited in his lifting and carrying activities since 1999. The Government

3

interpreted the aggregated information to show that Lockhart could not meet the lift and carry requirement and therefore denied his application for EMT license renewal. The Government then granted Lockhart three extensions of time to show he could meet the lift and carry requirement, but Lockhart failed to provide such information until after the third extension had expired.

Lockhart filed suit against the Government, making claims under 42 U.S.C. § 1983 and 48 U.S.C. § 1561. The District Court denied pretrial motions from both parties that would have prevented trial. The case proceeded to trial without a jury, and on May 30, 2002, the District Court issued a judgment in favor of the Government. We have jurisdiction over Lockhart's appeal under 28 U.S.C. § 1291.

## II.

### A.

Findings of fact made by a District Court during a bench trial shall be set aside by this Court only if clearly erroneous. Fed. R. Civ. P. 52(a); *see also Newark Branch, NAACP v. City of Bayonne*, 134 F.3d 113, 119-20 (3d Cir. 1998). We exercise plenary review over questions of law. *See Riley v. Taylor*, 277 F.3d 261, 278 (3d Cir. 2001) (en banc).

### B.

Lockhart challenges the District Court's judgment on various grounds, most of which warrant little discussion here. Contrary to Lockhart's assertions, Executive

Order 233-1979 is legally valid and unambiguous as to the need for all applicants, both new and renewal, to meet the lift and carry requirement. The District Court found that the Government reasonably concluded Lockhart could not satisfy the requirement. We agree.

In support of his equal protection claim, Lockhart points to other EMTs licensed by the territory who suffer from back problems. Lockhart alleges he is similarly situated to these individuals whose injuries were accommodated. As the District Court noted, Lockhart fails to appreciate that he is not similarly situated because he failed to provide any information to rebut his doctor's indication that he could not carry over ninety pounds. The Government provided Lockhart ample time—three extensions—to do so, yet the information was delayed for more than three months.

Lockhart's due process claim consists of assertions that, as an EMT with nineteen years experience, he was a tenured public employee with a property interest in his license. Unlike cases where this Court has been willing to recognize a property interest in a license, Lockhart's EMT license expired every two years. *Cf. Herz v. Degnan,* 648 F.2d 201, 208 (3d Cir. 1981) (holding that a person had a property interest in a professional license that was automatically renewed). Natural expiration of the license negates any claim that it is a property interest protected by the due process clause.

Finally, Lockhart claims that the District Court erred by evaluating the propriety of the Department of Health's license renewal decision, as opposed to the as yet unrendered Public Employees Relations Board ("PERB") decision. We are unpersuaded.

5

Lockhart controlled the timing of his suit and clearly cannot complain about the District Court's failure to review an administrative decision that has not yet been made.

**III.**

For the reasons set forth, we will affirm the District Court's judgment in favor of the Government.

_____

TO THE CLERK:

      Please file the foregoing opinion.


            /s/ Richard L. Nygaard
           Circuit Judge